## Church Home, Inc. v. Swatara Township Zoning Hearing Board

C. V. *Henry, III*, for appellant.
*Samuel A. Kline*, for intervenor.

GATES, *P.J.*, February 17, 1981—This is an appeal from the decision of a "one man" Zoning Hearing Board of Swatara Township which denied appellant's application for a use permit or a special exception to utilize a single family residence as a group home. At the duly scheduled meeting of the zoning board, counsel for appellant objected to proceeding because of the illegally constituted zoning hearing board, thus preserving its right to raise the issue on this appeal.

Time was when the citizens of this country could use their property for any lawful purpose so long as it did not interfere with or adversely affect the use and enjoyment of the property of others. But those times are gone now and the government, in a well intentioned, utopian pursuit, has literally smothered the citizenry with land regulations and use restrictions. The lofty purposes are described in the Pennsylvania Municipalities Planning Code of July 31, 1968, P.L. 805, art. I, sec. 105, 53 P.S. § 10105, in these words:

"It is the intent, purpose and scope of this act to protect and promote safety, health and morals; to accomplish a coordinated development of municipalities, other than cities of the first and second class; to provide for the general welfare by guiding and protecting amenity, convenience, future governmental, economic, practical, and social and cultural facilities, development and growth, as well as the improvement of governmental processes and functions; to guide uses of land and structures, type and location of streets, public grounds and other facilities; and to permit municipalities, other than cities of the first and second class, to minimize such problems as may presently exist or which may be foreseen. It is the further intent of this act that any recommendation made by any planning agency to any governing body shall be advisory only."

In pursuit of these exalted goals the legislature adopted the Pennsylvania Municipalities Planning Code which describes the procedure for obtaining building permits, the approval of land subdivision plans, the granting of exceptions and, in general, the control over the use of property. The code specifically provides in section 501, 53 P.S. § 10501, that the governing body of each municipality may regulate land subdivision and land use and development within the municipality by enacting what have loosely become known as "Zoning Ordinances."

Armed with this authority, Swatara Township, upon recommendation of the Lebanon County-City Planning Department, adopted a comprehensive zoning ordinance in 1973. The township was subdivided into use districts and the ordinance specifically set forth permitted uses within these districts.

In Article 17 of the Swatara Township's Zoning

Ordinance a procedure was adopted for the administration and enforcement of the zoning ordinance. In brief, it is provided that the township supervisors administer the zoning ordinance through a zoning enforcement officer who is empowered to grant or refuse building and use permits. This is in strict accord with the powers delegated to the township by the legislature. See section 614 of the Municipalities Planning Code, 53 P.S. § 10614, supra.

The enabling legislation specifically prohibits a zoning officer from permitting any construction or use of land which does not conform to the zoning ordinance. Recognizing the awesomeness of this power in an appointed official, the legislature specifically provided procedures for appealing from the decision of zoning officers. The statutorily described appeal procedure is mandated. Thus, every municipality which enacts a zoning ordinance pursuant to the Planning and Development Code must create a zoning hearing board: 53 P.S. § 10901.

The legislature has also mandated the structure of the zoning hearing board. The act of legislature, as last amended on October 4, 1978, 53 P.S. § 10903, provides as follows:

"(a) the membership of the board shall, upon the determination of the governing body, consist of either three or five residents of the municipality appointed by the governing body. The terms of office of a three member board shall be three years and shall be so fixed that the term of office of one member shall expire each year. The terms of office of a five member board shall be three years and shall be so fixed that the term of office of no more than two members of a five member board shall expire each year and of the initial appointments of the two additional members, one shall be appointed

for a one year term and one shall be appointed for a two year term. If a three member board is changed to a five member board, the members of the existing three member board shall continue in office until their term of office would expire under prior law. The governing body shall appoint two additional members to the board with terms scheduled to expire in accordance with the provisions of this section. The board shall promptly notify the governing body of any vacancies which occur. Appointments to fill vacancies shall be only for the unexpired portion of the term. Members of the board shall hold no other office in the municipality, except that no more than one member of the board may also be a member of the planning commission.

"(b) A five member board shall not be changed to a three member board except upon an affirmative vote on the question by a majority of the electors of the municipality voting thereon at a referendum held at the municipal or general election prior to a year in which the terms of two of the members of the board expire."

The act further provides how the board shall organize itself and how it shall operate. It is mandated in these words at 53 P.S. § 10906:

"The board shall elect from its own membership its officers, who shall serve annual terms as such and may succeed themselves. For the conduct of any hearing and the taking of any action, a quorum shall not be less than a majority of all the members of the board, but the board may appoint a hearing officer from its own membership[1] to conduct any hearing on its behalf and the parties may waive

1. The hearing in this case was conducted by the Chairman of the Board of One, not by a hearing officer appointed by a properly constituted board.

further action by the board as provided in section 908. The board may make, alter and rescind rules and forms for its procedure, consistent with ordinances of the municipality and laws of the Commonwealth. The board shall keep full public records of its business and shall submit a report of its activities to the governing body once a year."

Pursuing this direction, Swatara Township provided for a zoning hearing board consisting of three members of the municipality appointed by the township for a term of three years. See Article 18 of the 1973 Zoning Ordinance of Swatara Township.

As a further protection against abuse of these awesome powers, the legislature has specifically provided for an appeal from an adverse decision of the zoning hearing board to the courts of common pleas of the Commonwealth. Any decision made by a court is further appealable to the Commonwealth Court and, ultimately, to the Supreme Court of Pennsylvania.

Despite the plain, clear and unequivocal language of the legislation, the intervenors suggest that there is some ambiguity and that the legislature's position is not clear. Further, it is suggested that if we disagree with this argument we should remand the matter for a rehearing before a hearing board whose number we would dictate. These arguments are patently untenable.

A municipal subdivision is an agency of the government. The government speaks through the legislature and it delegates to its municipal subdivisions certain powers and duties. The delegation of authority, where clear and unambiguous, as here, must be strictly followed. We conclude therefore that any purported exercise of legal authority by a zoning hearing board of one is a nullity and without any authorization or basis in the law.

Of course we cannot remand for a rehearing before a hearing board ". . . whose number this Honorable Court would dictate." Swatara Township has already dictated by their ordinance that the Zoning Hearing Board shall consist of three members.[2] This was their right under the Municipalities Planning Code. Courts are not, nor should they be superboards of supervisors or writers of legislation. We firmly believe we have no authority to do what the intervenor requests.

In order not to hinder or unnecessarily delay a citizen's request to use his property in any manner he wishes, the zoning hearing board has but 45 days from the date of the hearing in order to grant or refuse, in writing, the use application: 53 P.S. § 10908. The legislature has specifically provided that where the board fails to render a valid, legal decision within the time period, the legal effect shall be that the application is deemed to have been granted. There being no valid decision of a properly constituted Zoning Hearing Board within the time limits proscribed by the legislature, the legal effect is that the application for the specified use is permitted.

---

2. No one has taken the time to explain why Swatara Township has a zoning hearing board of one. The only reference in the record is a statement by the chairman of the one-man-board that: "I was the original member of the Zoning Board from day one." This 1,980 year old chairman of the board of one interpreted the ordinance to say that a majority of one of a one-man board was sufficient to act. Actually, the ordinance requires the concurring vote of two members (section 19.4) of its zoning hearing board of one. Curious! The word "majority" as used in the English language means more than half. It seems to follow that there can be no majority of a board of one, or of two for that matter, so the legislature employed the term in its accepted use by mandated zoning hearing boards of three or five.

## ORDER

And now, February 17, 1981, the appeal is sustained and the zoning hearing officer is directd to issue the use application to appellant.